UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| WILLIAM KRIGBAUM, | NO. 2:18-CV-0064-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT MACHOL & JOHANNES, LLC'S MOTION FOR SUMMARY JUDGMENT |
| MACHOL & JOHANNES, LLC, | |
| Defendant. | |

BEFORE THE COURT is Defendant Machol & Johannes, LLC's, Motion for Summary Judgment (ECF No. 14). The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the reasons discussed below, Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

## BACKGROUND

Plaintiff William Krigbaum alleges that Defendant Machol & Johannes, LLC, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, by "[u]sing false representations or deceptive practices in connection with

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

collection of a debt, including filing a lawsuit against Plaintiff many weeks after Plaintiff had been served with a Complaint before filing and without serving Plaintiff by personal service thereafter (§ 1692e(10))." ECF 13 at 2, ¶ 9. Defendant moves for summary judgment, seeking a complete dismissal of Plaintiff's claims with prejudice. ECF No. 14.

## FACTS

The following are the undisputed facts unless otherwise noted. Plaintiff's claims arise out of a debt that Defendant attempted to collect from Plaintiff on behalf of Defendant's client, LVNV Funding, LLC. On May 14, 2017, Defendant served Plaintiff with process seeking to collect the amounts owed to LVNV Funding, LLC. ECF No. 15 at 1, ¶ 1. Plaintiff was served with both a copy of the summons and a copy of the complaint. ECF No. 16 at 1-2, ¶ 2. Plaintiff called Defendant on May 15, 2017, and served his answer on June 5, 2017. ECF No. 15 at ¶ 2.

On June 16, 2017, Defendant filed the Complaint in Walla Walla County Superior Court. ECF No. 16 at 2, ¶ 4. Months later, Plaintiff's counsel contacted Defendant alleging that Defendant had violated the FDCPA by serving the lawsuit before it was filed. *Id.* at ¶ 5. Defendant has not taken any action in the Walla Walla County case since it was filed. *Id.* at ¶ 6.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

Plaintiff initiated this lawsuit on February 22, 2018, seeking damages for violations of the FDCPA. ECF No. 1.

## DISCUSSION

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court views the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). There must be evidence on which a jury could reasonably find for the plaintiff and a "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Id*. at 252. For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A material fact is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.*

In the pending motion, Defendant moves this Court to dismiss Plaintiff's case on summary judgment because "[s]erving and filing process in compliance with Washington law is not a 'false representation or deceptive means' of collecting a debt." ECF No. 14 at 2. Pursuant to the FDCPA, a debt collector is prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(10). The standard for determining whether a communication is deceptive or misleading under § 1692e(10) is whether the "least sophisticated consumer" could have been deceived or misled by a communication. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). In making this determination, the Ninth Circuit has adopted a "materiality" approach, under which "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under [§ 1692e]." *Id*.

Based on the allegations in Plaintiff's First Amended Complaint, Defendant surmises that "it is apparently plaintiff's contention that a litigant who serves before filing must serve process on defendant a second time." ECF No. 14 at 1. Defendant asserts that, contrary to Plaintiff's contentions, "Washington law provides for service of process before filing, and requires that process be served only once." *Id*. at 2. Because its actions conformed to Washington law, Defendant argues that summary judgment is appropriate as it "did nothing that could be

considered either a 'false representation' or a 'deceptive means' of collection within the meaning of the FDCPA." *Id*. at 2-3.

Plaintiff maintains that he "has alleged deceptive behavior by Defendant that creates a genuine dispute of fact as to whether Defendant engaged in a deceptive practice." ECF No. 17 at 4. Elaborating on this alleged "deceptive behavior," Plaintiff explains that "[i]t is unfair and deceptive for Defendant to demand that Plaintiff file an Answer within 20 days after service, where it is impossible for Plaintiff to have done so because the lawsuit had not been filed and thus Plaintiff had no extant case under which an Answer could have been filed as of the expiration of that 20-day period, which was June 3, 2017." *Id*. at 2. In short, Plaintiff appears to argue that § 1692e(10) of the FDCPA requires a debt collector, when seeking to collect a debt in Washington, to file a Complaint prior to the 20-day Answer deadline specified in the summons. According to Plaintiff, if "no Complaint is filed by the consumer's Answer deadline," the unsophisticated consumer could reasonably conclude that "the lawsuit was not legitimate" and an answer was not required, subjecting the consumer to the risk of a default judgment. *Id*. at 2-3.

To support this position, Plaintiff alleges that other courts have recognized "the potential unfairness of this situation and have implemented schemes designed to combat the potential deceptiveness of behavior like Defendants' here." *Id*. at 3.

Plaintiff points to a Utah Rule of Civil Procedure that requires a summons in a "serve-first" lawsuit to state that a Defendant need not answer if the complaint is not filed within 10-days after service. *Id*. (citing Utah R. Civ. Pro. 4(c)(2)(A)). Plaintiff acknowledges that "[n]o such rules have been implemented in Washington," but claims that "the fact that other courts have implemented such rules corroborates that a genuine risk of harm exists with respect to the failure by Plaintiffs to actually file serve-first lawsuits before the deadline to respond to them has expired." *Id*. Plaintiff also contends that "similar deceptive behavior by attorneys in state court litigation has been held to be cognizable under 15 U.S.C. §1692e by many federal courts." *Id*. at 3-4.

As Defendant notes, Washington Civil Rule 3(a) provides that "a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint." Upon written demand by any other party, the Plaintiff instituting the action is required to file the summons and complaint within 14-days after service of the demand. Wash. Civ. R. 3(a). Washington Civil Rule 4 describes the requirements for the issuance, form, and service of a summons and a complaint. Civil Rule 4(a)(2) specifies that "the summons shall require the defendant to serve a copy of the defendant's defense within 20 days after the service of summons, exclusive of the day of service." Civil Rule 4(b)(2) requires that the form of the summons include the

following language: "In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons . . ." Civ. R. 4(b)(2). Civil Rule 4(b)(2) also requires that the summons inform the Defendant that he or she has the right to demand the Plaintiff file the lawsuit with the court.

Here, Defendant served and filed process in compliance with Washington law. Defendant served Plaintiff with a copy of both the summons and the complaint on May 14, 2017, as permitted under Civil Rule 3(a). ECF No. 15 at 1, ¶ 1. The form of the summons instructed Plaintiff to "respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within 20 days . . . after the service of this Summons," as mandated by Civil Rule 4(b)(2). ECF No. 16 at 5 (Ex. A). The summons also informed Plaintiff that he was entitled to demand that Defendant file the lawsuit with the court. *Id*. at 6. Plaintiff did not make any such demand, and instead served his answer on June 5, 2017. Defendant subsequently filed the Complaint on June 16, 2017.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff fails to produce sufficient evidence to create a genuine issue of material fact as to whether Defendant's conduct, as alleged in the Amended

Complaint, constitutes "false representations or deceptive practices in connection with collection of a debt" in violation of the FDCPA. ECF No. 13 at 2, ¶ 9. Contrary to Plaintiff's contention, the evidence does not support the allegation that Defendant's summons or complaint contained a false, deceptive, or misleading representation for purposes of liability under § 1692e(10). To the contrary, the evidence conclusively establishes that Defendant's conduct in attempting to collect a debt from Plaintiff—specifically, its service of process—fully complied with Washington law and accurately informed Plaintiff that he had 20-days to serve his answer to the summons and the right to demand that the lawsuit be filed with the court. Plaintiff's allegations do not support a finding that the "least sophisticated consumer" could have been deceived or misled to believe from Defendant's statements that Plaintiff did not need to respond to the lawsuit. The fact that Plaintiff *did* respond to the lawsuit cuts against this very argument.

Moreover, Plaintiff's reference to Utah's requirements for "serve-first" lawsuits does not corroborate "the potential unfairness of this situation." ECF No. 17 at 3. As discussed, Washington law provides for service of process before filing, and requires that process be served only once. Nor are any of the federal cases cited by Plaintiff factually analogous to the situation here. In those cases, the Defendant actively engaged in conduct that mislead the Plaintiff to believe that it was too late or unnecessary to file an answer to the complaint. *See Grden v. Leikin*

*Ingberg & Winters PC*, 643 F.3d 169 (6th Cir. 2011); *Riding v. Cach LLC*, 992 F.Supp.2d 987 (C.D. Cal. 2014).  Here, in contrast, Defendant accurately informed Plaintiff that an answer was required within 20-days after service, and Plaintiff served his answer in accordance with those instructions.

In sum, Plaintiff has not come forward with admissible evidence to demonstrate a triable issue as to whether Defendant's conduct amounts to a "deceptive means" to collect a debt under 15 U.S.C. § 1692e(10).  Accordingly, the Court concludes that summary judgment on Plaintiff's FDCPA claim is warranted.  The Court dismisses Plaintiff's FDCPA claims against Defendant with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

2. The Court dismisses Plaintiff's FDCPA claims against Defendant **with prejudice**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** October 29, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9